**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

| | |
|---|---|
| **IN RE:  ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION** _____ **This Document Relates To:** **Susan Famigletti et al. v. Ethicon, Inc., et al.** **Case No. 2:12-cv-06576** | **Master File No. 2:12-MD-02327 MDL No. 2327** **Joseph R. Goodwin U.S. District Judge** |

**PLAINTIFFS' LEADERSHIP'S RESPONSE TO SHOW CAUSE ORDER**

Plaintiffs' Leadership, on behalf of themselves and the above-referenced plaintiff, responds to the Court's April 10, 2019, Show Cause Order (docket number 7828) as to why they should not be sanctioned for failing to comply with the Court's March 26, 2019, Order (docket number 7710) as follows:

1. On Tuesday March 26, 2019, the Court entered an order directing plaintiffs' leadership and ALL defendants with cases identified on Exhibit 1 to complete and jointly submit the Transfer/Remand Information Spreadsheet ("Spreadsheet").  The deadline to submit the final completed master spreadsheet was to be Monday April 8, 2019.

2. Plaintiffs' Co-Lead Counsel, D. Renee Baggett ("Mrs. Baggett") reached out to Ethicon's counsel, Donna Jacobs ("Mrs. Jacobs"), via email about the best plan for completing the spreadsheet on Wednesday March 27, 2019.  Mrs. Jacobs responded stating that their team had already started working on the spreadsheet and suggested they would add what data they have currently and then send to Mrs. Baggett so her team could send to the individual firms with

cases on Exhibit 1 to either edit the data provided or confirm that the data was correct. Mrs. Jacobs suggested we touch base on Friday, March 29, 2019.

3. Having seen no response as stated, on Tuesday April 2, 2019, Mrs. Baggett followed up with Mrs. Jacobs via email to get a status of the spreadsheet. When there was still no response, Mrs. Baggett reached out again to Mrs. Jacobs on Thursday April 4, 2019, advising that she had been contacted by multiple plaintiff firms seeking direction. Mrs. Jacobs responded that she had asked the Court for more time to complete the spreadsheet but thus far the request had been denied. Mrs. Jacobs had spoken with Henry Garrard ("Mr. Garrard"), and was hoping he might be able to talk to the judge and get the extension.

4. On Friday April 5, 2019, Mrs. Baggett followed up with Mrs. Jacobs again to see if an extension had been granted and get a status on the spreadsheet due to the short amount of time remaining for Plaintiffs to complete their part of the project. Mrs. Jacobs advised that she did not feel an extension would be granted and at approximately 3:00 p.m. central standard time Mrs. Jacobs forwarded the spreadsheet to Mrs. Baggett to forward to the mass list serve to review and revise if needed. Upon receipt of the spreadsheet that same afternoon, Betsy Williams ("Mrs. Williams"), legal assistant to Mrs. Baggett, began distribution of a mass email which took until approximately 4:53 p.m. central to complete due to the size of the email list.

5. On Monday April 8, 2019, Mrs. Williams opened and responded to hundreds of emails containing data for the spreadsheet or individual spreadsheets that had to be incorporated into the master grid. She added an extra notes column in order to communicate to Mrs. Jacobs and her team any additional information received from the individual firms that might need to be incorporated into the final master spreadsheet. Mrs. Williams spent greater than 10 hours in a

single day working exclusively on this project in order to try and meet the Court's original deadline.

6. Later in the day on April 8, 2019, it became apparent that it would be difficult, if not impossible to incorporate all the data received from the hundreds of individual firms and still have time for defendants to review and finalize the spreadsheet for submission. Therefore, Mrs. Baggett reached out to Kate Fife, Judge Goodwin's judicial assistant, to advise of the situation and request an extension. Judge Goodwin granted the parties a 24-hour extension making the new deadline Tuesday April 9, 2019.

7. On Tuesday April 9, 2019, at approximately 7:41 a.m. central Mrs. Baggett emailed Mrs. Jacobs and her team advising them that Mrs. Williams had worked late into the night to completely populate the spreadsheet with information received from the firms with cases on Exhibit 1 and explaining that she had added the extra column to make it easier for them to track the changes she had made.

8. At approximately 9:04 a.m. central Mrs. Jacobs replied "Thanks Renee. I also learned that many venues that should have been in the disputed column actually were populated in the "Agreed" column in the chart that went out yesterday afternoon. That should affect only settled cases so probably you don't have as many notes on those but I wanted to make you aware. I had sent an e-mail earlier yesterday saying they would be in the disputed column so I hope that didn't cause too much confusion. Just for the sake of time, and to avoid input errors, we will just add the plaintiffs' notes column to the spreadsheet."

9. At approximately 2:47 p.m. central Mrs. Jacobs emailed asking if Mrs. Baggett and her team wanted to review the spreadsheet one more time before they sent to the court. Due to the limited amount of time remaining, Mrs. Williams replied she did not think it was necessary

as long as Mrs. Jacobs' team incorporated all Plaintiff notes into the spreadsheet. Therefore, Mrs. Baggett and her team did not see the final version with the additional columns before it was sent to the Court.

10. At approximately 3:40 p.m. central Mrs. Jacobs sent the final master spreadsheet to Mrs. Fife.

## CONCLUSION

As described above, Plaintiffs' Leadership Counsel, on behalf of themselves and the above-referenced plaintiff, did everything possible with the time available to them to comply with the Court's March 26, 2019, Order. For the foregoing reasons, Plaintiffs' Leadership respectfully requests that the Court vacate its Show Cause Order as to why they should not be sanctioned for failing to comply with the Court's March 26, 2019 Order.

Dated April 23, 2019       Respectfully submitted,

/s/     Chris Cantrell

DOYLE LOWTHER LLP
Chris W. Cantrell (SBN 290874)
William J. Doyle (SBN 188069)
John A. Lowther (SBN 207000)
4400 NE 77th Avenue, Suite 275
Vancouver, WA 98662
(360) 818-9320 phone
(360) 450-3116 fax
email:  ccantrell@doylelowther.com
        bill@doylelowther.com
        john@doylelowther.com

Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2019, I electronically filed the foregoing document with the Clerk of the court using CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

Respectfully Submitted,

/s/   Chris Cantrell

DOYLE LOWTHER LLP
Chris W. Cantrell (SBN 290874)
William J. Doyle (SBN 188069)
John A. Lowther (SBN 207000)
4400 NE 77th Avenue, Suite 275
Vancouver, WA 98662
(360) 818-9320 phone
(360) 450-3116 fax
email:  ccantrell@doylelowther.com
        bill@doylelowther.com
        john@doylelowther.com

Attorneys for Plaintiffs