**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

IN RE: ETHICON, INC.,
      PELVIC REPAIR SYSTEM
      PRODUCTS LIABILITY LITIGATION

                                     MDL No. 2327

-------------------------------------------------

THIS DOCUMENT RELATES TO ALL CASES

**PRETRIAL ORDER # 17**
(Plaintiff Profile Forms, Plaintiff Fact Sheet, and Defendant Fact Sheets)

      This Order shall govern (1) all cases transferred to this court by the Judicial Panel on

Multidistrict Litigation, including those cases identified in the original Transfer Order and

those subsequently transferred as tag-along actions; and (2) all cases directly filed in or

removed to this MDL. It is **ORDERED** as follows:

**1.**       **Plaintiff Profile Form ("PPF")**

      a.       The parties have agreed upon the use of an abbreviated Plaintiff Profile Form

("PPF") (Exhibit 1), including eight (8) releases (Exhibit A to Exhibit 1), attached to this

Order.[1] The PPF shall be completed in each case currently pending in, and in all cases that

become part of this MDL by virtue of being filed in, removed to, or transferred to this court.

      b.       Each plaintiff in currently filed cases that were a part of this MDL as of the date

of the entry of this Order shall submit a completed PPF to defendants within 60 days of the date

of this Order. In cases filed or transferred after the date of this Order, each plaintiff shall submit a

completed PPF to defendants within 60 days of filing the Short Form Complaint. Every plaintiff

---

[1] The court refers the parties to the court's website at www.wvsd.uscourts.gov where the PPF (in word and PDF fillable format) and the releases (in PDF fillable format) are located under "forms" for this MDL.

is required to provide defendants with a PPF that is substantially complete in all respects, answering every question in the PPF, even if a plaintiff can answer the question in good faith only by indicating "not applicable." The PPF shall be signed by plaintiff under penalty of perjury.  If a plaintiff is suing in a representative or derivative capacity, the PPF shall be completed by the person with the legal authority to represent the estate or person under legal disability. Plaintiff spouses with a claim for loss of consortium shall also sign the PPF, attesting that the responses made to the loss of consortium claim questions in the PPF are true and correct to the best of his or her knowledge, information and belief, formed after due diligence and reasonable inquiry.

c.      A completed PPF shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34, and will be governed by the standards applicable to written discovery under Federal Rules 26 through 37. The interrogatories and requests for production in the PPF shall be answered without objection as to the question posed in the agreed upon PPF. This section does not prohibit a plaintiff from withholding or redacting information from medical or other records provided with the PPF based upon a recognized privilege. If information is withheld or redacted on the basis of privilege, plaintiff shall provide defendants with a privilege log that complies with Rule 26(b)(5) simultaneously with the submission of the PPF.

d.      Contemporaneous with the submission of a PPF, each plaintiff shall provide the defendants with hard copies or electronic files of all medical records in their possession or control, including, in particular, records that support product identification.

e.      Contemporaneous with the submission of a PPF, each plaintiff shall also produce signed authorizations, which are attached to the PPF and located in PDF fillable format on the

court's website, for the release to an identified records collection vendor of medical, insurance, employment, Medicare/Medicaid, and Social Security records from any healthcare provider, hospital, clinic, outpatient treatment center, and/or any other entity, institution, agency or other custodian of records identified in the PPF. The signed authorizations shall be undated and the recipient line shall be left blank. These blank, signed authorizations constitute permission for a third party records vendor retained by the parties, to obtain the records specified in the authorizations from the records custodians. In the event an institution, agency or medical provider to which a signed authorization is presented refuses to provide responsive records, the individual plaintiff's attorney shall attempt to resolve the issue with the institution, agency, or provider, such that the necessary records are promptly provided. Any records that pertain to psychiatric related care whether by a psychiatrist or psychologist shall first be available to counsel for the plaintiff who shall have 10 days to assert a recognized privilege and notify both the vendor and counsel for the requesting defendant, with an appropriate privilege log. Absent notification within 10 days of the assertion of such a privilege, the vendor shall then provide the records to the requesting defendant.

      f.    Each plaintiff shall immediately preserve and maintain, without deletions or alterations, any content of any personal webpage(s) or social media accounts currently held by them, including but not limited to, photographs, text, links, messages and other postings or profile information that is relevant to the subject matter of this litigation. "Social media" includes, but it not limited to, Facebook, Myspace, Linked In, Friendster, and/or blogs. The plaintiffs shall preserve this data by downloading it to a suitable storage device, by printing out copies on paper, or by other means consistent with law and court rules applicable to document and data preservation.

g.   If a plaintiff does not submit a PPF within the time specified in this Order, defendants may move immediately to dismiss that plaintiff's case without first resorting to these deficiency cure procedures.

h.   If defendants receive a PPF in the allotted time but the PPF is not substantially complete, defendants' counsel shall send a deficiency letter within 10 days of receipt of a PPF, as applicable by e-mail and U.S. mail to Plaintiffs' Co-Lead Counsel and the plaintiffs' individual representative counsel, identifying the purported deficiencies. Plaintiff shall have twenty (20) days from receipt of that letter to serve a PPF that is substantially complete in all respects.  This letter shall include sufficient detail for the parties to meet and confer regarding the alleged deficiencies.

i.   Any plaintiff who fails to comply with the PPF obligations under this Order may, for good cause shown, be subject to sanctions, to be determined by the court, upon motion of the defendants.

2.   **Plaintiff Fact Sheet (PFS)**

a.   Within 60 days of the entry of a Pretrial Order identifying the Discovery Pool Cases, those plaintiffs identified in that Order shall submit a full Plaintiff Fact Sheet ("PFS"), in the form to be agreed upon by the parties.

b.   Contemporaneous with the submission of their PFS, plaintiffs shall provide the following categories of information posted by the plaintiff on any social media websites identified in the PFS disclosures:

1)   Photographs and/or videos, if any, posted by the plaintiff which show the plaintiff taking part in physical activity from one year preceding the date of her mesh surgery(ies) through the date of the signing of the PFS and

4

any comments, posts, or messages made by the plaintiff related to same. "Physical activity" is defined as strenuous physical or recreational activity, such as horseback riding, ice skating, scuba diving, snorkeling, swimming, biking, and hiking;

2)   Photographs or videos, if any, posted by the plaintiff showing plaintiff in the hospital, at the doctor's office, or recovering after the date(s) of her mesh surgery(ies) at issue, and any comments, posts, or messages made by the plaintiff related to same;

3)   Comments, posts or messages, if any, made by the plaintiff regarding mesh product(s) or the surgery(ies) at issue;

4)   Comments, posts or messages, if any, made by the plaintiff regarding any significant health conditions of the plaintiff, including but not limited to, their gynecologic, pelvic or abdominal condition from one year preceding the date of her surgery(ies) through the date of the signing of the PFS;

5)   Where plaintiff has alleged emotional injury other than pain and suffering, comments, posts or messages, if any, made by plaintiff regarding the plaintiff's emotional condition from one year preceding the date of her surgery(ies) through the date of the signing of the PFS; and

6)   Comments, posts, links, messages or pages, if any, made by the plaintiff concerning the plaintiff's lawsuit or pelvic mesh litigation in general.

Plaintiffs pursuing a consortium claim shall likewise produce the information set forth in 1) through 6) above that is posted by either plaintiff on his/her social media website(s) regarding

the plaintiff in whom the device was implanted.

The information required to be produced pursuant to 1) through 6) above includes any otherwise responsive information that may have been marked "private" on the plaintiff's social media website(s). Where materials produced pursuant to this section contain private medical or other information about a non-party, the plaintiff shall redact identifying and/or any other information pertaining to that non-party.

c.      If defendants receive a PFS in the allotted time but the PFS is not substantially complete, defendants' counsel shall send a deficiency letter within 10 days of receipt of a PFS, as applicable by e-mail and U.S. mail to the Plaintiffs' Co-Lead Counsel and the plaintiffs' individual representative counsel, identifying the purported deficiencies. The plaintiff shall have twenty (20) days from receipt of that letter to serve a PFS that is substantially complete in all respects.  This letter shall include sufficient detail for the parties to meet and confer regarding the alleged deficiencies.

d.      Any plaintiff who fails to comply with the PFS obligations under this Order may, for good cause shown, be subject to sanctions, to be determined by the court, upon motion of the defendants.

## 3.      **Defendant Fact Sheet ("DFS")**

a.      A Defendant Fact Sheet ("DFS"), in the form to be agreed upon by the parties, shall be completed only in those cases selected as a subgroup (not to exceed 20 cases) from which the final bellwether selection will be made.

The DFS shall constitute the initial plaintiff – specific discovery of defendants, and no plaintiff shall serve upon any defendant interrogatories or requests for production of documents that are specific to an individual plaintiff, treating physician, or sales representative prior to

service of a DFS for that plaintiff.

b.      Defendants shall submit a substantially completed DFS for each case in the "subgroup" identified in 3.a above within 45 days after the entry of the Order establishing the "subgroup" plaintiffs. The DFS shall provide general but comprehensive information concerning the particular product identified in the PPF, and information specific to each individual plaintiff  selected as a "subgroup" plaintiff, including, for example, documentation relating to the plaintiff, and defendants' contact(s) with the physician(s) identified by the Plaintiff.

c.      A Completed DFS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P.34, and will be governed by the standards applicable to written discovery under Federal Rules 26 through 37.   The interrogatories and requests for production in the DFS shall be answered without objection as to the question as posed in the agreed upon General DFS and Specific DFS. However, defendants may assert objections relevant to information specific to an individual plaintiff in the Specific DFS, where appropriate in that case.

d.      If a defendant fails to timely submit a DFS, or submits within the allotted time a DFS that is not substantially complete, the Plaintiffs' Co-Lead Counsel shall send a deficiency letter within 10 days of receipt of a DFS by e-mail and U.S. mail to a designated Counsel for that defendant, identifying the purported deficiencies. This letter shall include sufficient detail for the parties to meet and confer regarding the alleged deficiencies. Defendant shall have twenty (20) days from receipt of that letter to serve a DFS that is substantially complete in all respects. Should a defendant fail to cure the deficiencies identified and fail to provide responses that are substantially complete in all respects within twenty (20) days of service of the

7

deficiency letter, plaintiff may move for appropriate relief under Federal Rule of Civil Procedure 37. Any such filing shall be served on Lead Counsel for that defendant, with any response to such filing to be submitted within ten (10) days following the date of service. Any such filing should include the efforts the plaintiffs made to meet and confer regarding the alleged deficiencies in the DFS and failure to cure.

e.     A defendant that fails to comply with the DFS obligations under this Order may be subject, for good cause shown, to sanctions, to be determined by the court, including those sanctions set forth in Fed. R. Civ. P. 37.

The Court **DIRECTS** the Clerk to file a copy of this order in 2:12-md-2327 and it shall apply to each member related case previously transferred to, removed to, or filed in this district, which includes counsel in all member cases up to and including civil action number 2:12-cv-06168.  In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint.  In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer.  It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court.  The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

ENTER:     October 4, 2012

Joseph R. Goodwin, Chief Judge

Case 2:12-md-02327   Document 281-1   Filed 10/04/12   Page 1 of 26 PageID #: 3856
Case 3:19-cv-02585-N   Document 52-1   Filed 10/29/19   Page 9 of 34   PageID 1244
Exhibit 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

*MDL No. 2327*
*In Re Ethicon Inc., Pelvic Repair System Products Liability Litigation*

---

In completing this Plaintiff Profile Form, you are under oath and must provide information that is true and correct to the best of your knowledge. The Plaintiff Profile Form shall be completed in accordance with the requirements and guidelines set forth in the applicable Case Management Order.

## I. CASE INFORMATION

**Caption:** _____ **Date:** _____

**Docket No.:** _____

**Plaintiff's attorney and Contact information:**

_____

_____

_____

_____

## II. PLAINTIFF INFORMATION

**Name**: _____

**Spouse**: _____**Loss of Consortium?**   ☐Yes ☐ No

**Address**: _____

**Date of birth**: _____

**Social Security No.:** _____

## III. DEVICE INFORMATION[1]

**Date of implant**: _____

*Reason for Implantation:* _____

**Brand Name**: _____ **Mfg.** _____

---

[1] Note: In lieu of device information, operating records may be submitted as long as all requested information is legible on the face of the record.

**Please Initial _____**

**Lot Number:** _____

**Implanting Surgeon**: _____

**Medical Facility:** _____

_____
**Date of implant:** _____

*Reason for Implantation:* _____

**Brand Name:** _____ **Mfg.** _____

**Implanting Surgeon:** _____

**Medical Facility:** _____

> • *Attach medical evidence of product identification.*

## IV.  REMOVAL/REVISION SURGERY INFORMATION

**Date of surgery(s):** _____

*Type of surgery(s)*: _____

**Explanting surgeon:** _____

**Medical Facility:** _____

**Reason for Explant:** _____

_____
**Date of surgery(s):** _____

*Type of surgery(s)*: _____

**Explanting surgeon:** _____

**Medical Facility:** _____

**Reason for Explant:** _____

## V.  OUTCOME ATTRIBUTED TO DEVICE

| | |
|---|---|
| ☐ **Pain** | ☐ **Fistulae** |
| ☐ **Erosion** | ☐ **Recurrence** |
| ☐ **Extrusion** | ☐ **Bleeding** |
| ☐ **Infection** | ☐ **Dyspareunia** |
| ☐ **Urinary Problems** | ☐ **Neuromuscular problems** |
| ☐ **Bowel Problems** | ☐ **Vaginal Scarring** |

**Please Initial** _____

| ☐ **Organ Perforation** | ☐ **Other** |
|---|---|

## VI.  PAST HISTORY

**Number of Pregnancies:** _____          **Number of Live Births:** _____

**Date of Hysterectomy(ies) and Name of Hospital Where Performed:** _____

**Prior to the First Implant, Have You Ever Had:**

_____          **Lupus**
_____          **Diabetes**
_____          **Auto Immune Disorder**
_____          **Endometriosis**
_____          **Pelvic Pain Syndrome or Disorder**
_____          **Fibroids**
_____          **Adhesive Disease**

**Are you claiming damages for lost wages: [ ] Yes          [ ] No**

**If so, for what time period:** _____

**Have you ever filed for bankruptcy: [ ] Yes [ ] No**

**If so, when?** _____

**Do you have a computer: [ ] Yes [ ] No**

**If so, are you a member of Facebook, LinkedIn or other social media websites:
[ ] Yes [ ] No**

**Which ones:** _____

## VII.  LIST OF ALL TREATING PHYSICIANS FOR THE PERIOD OF 10 YEARS PRIOR TO THE FIRST MESH IMPLANT, INCLUDING ALL PRIMARY CARE PHYSICIANS, OB-GYNS, UROLOGISTS, ENDOCRINOLOGISTS, RHEUMATOLOGISTS, PSYCHIATRISTS, PSYCHOLOGISTS, OR ANY OTHER SPECIALISTS

<u>**Primary Care Physicians:**</u>

**Name:** _____

**Address:** _____

**Approximate Period of Treatment:** _____

**Please Initial** _____

**Name:** _____

**Address:** _____

**Approximate Period of Treatment:** _____

**<u>OB-GYNs:</u>**

**Name:** _____

**Address:** _____

**Approximate Period of Treatment:** _____

**Name:** _____

**Address:** _____

**Approximate Period of Treatment:** _____

**<u>Urologists:</u>**

**Name:** _____

**Address:** _____

**Approximate Period of Treatment:** _____

**Name:** _____

**Address:** _____

**Approximate Period of Treatment:** _____

**<u>Psychiatrists/Psychologists (Answer only if making a claim for emotional/psychological Injury beyond usual pain and suffering):</u>**

**Name:** _____

**Address:** _____

**Approximate Period of Treatment:** _____

**Please Initial** _____

**Name:** _____

**Address:** _____

**Approximate Period of Treatment:** _____

**Attach additional pages as needed to identify other health care providers you have seen.**

## **AUTHORIZATIONS**

Provide ONE (1) SIGNED ORIGINAL copy of each of the records authorization forms attached as Ex. A. These authorization forms will authorize the records vendor selected by the parties to obtain those records identified in the authorizations from the providers identified within this Plaintiff Profile Form.

## **VERIFICATION**

I, _____, declare under penalty of perjury subject to all applicable

laws, that I have carefully reviewed the final copy of this Plaintiff Profile Form dated _____

and verified that all of the information provided is true and correct to the best of my knowledge,

information and belief.

                                        _____
                                        Signature of Plaintiff

Sworn and subscribed before me
This ____ day of _____, 201

_____
Notary Public

5                                    **Please Initial _____**

Exhibit A

**Social Security Administration**
Consent for Release of Information

Form Approved
OMB No. 0960-0566

*SSA will not honor this form unless all required fields have been completed (\*signifies required field).*

TO:  Social Security Administration

\*Name _____  \*Date of Birth _____  \*Social Security Number _____

I authorize the Social Security Administration to release information or records about me to:

\*NAME                                              \*ADDRESS

_____                    _____

_____                    _____

_____                    _____

\*I want this information released because: _____
*There may be a charge for releasing information.*

_____

\*Please release the following information selected from the list below:
*You must check at least one box. Also, SSA will not disclose records unless applicable date ranges are included.*

☐ Social Security Number

☐ Current monthly Social Security benefit amount

☐ Current monthly Supplemental Security Income payment amount

☐ My benefit/payment amounts from _____ to _____

☐ My Medicare entitlement from _____ to _____

☐ Medical records from my claims folder(s) from _____ to _____
   *If you want SSA to release a minor's medical records, do not use this form but instead contact your local SSA office.*

☐ Complete medical records from my claims folder(s)

☐ Other record(s) from my file (e.g. applications, questionnaires, consultative examination
   reports, determinations, etc.) _____

I am the individual to whom the requested information/record applies, or the parent or legal guardian of a minor,
or the legal guardian of a legally incompetent adult.  I declare under penalty of perjury in accordance with 28
C.F.R. § 16.41(d)(2004) that I have examined all the information on this form, and on any accompanying
statements or forms, and it is true and correct to the best of my knowledge.  I understand that anyone who
knowingly or willfully seeking or obtaining access to records about another person under false pretenses is
punishable by a fine of up to $5,000.  I also understand that any applicable fees must be paid by me.

\*Signature: _____  \*Date: _____

Relationship *(if not the individual)*: _____  \*Daytime Phone: _____

Form **SSA-3288** (07-2010) EF (07-2010)

**Social Security Administration**
Consent for Release of Information

Form Approved
OMB No. 0960-0566

## Instructions for Using this Form

Complete this form only if you want us to give information or records about you, a minor, or a legally incompetent adult, to an individual or group (for example, a doctor or an insurance company). If you are the natural or adoptive parent or legal guardian, acting on behalf of a minor, you may complete this form to release only the minor's non-medical records. If you are requesting information for a purpose not directly related to the administration of any program under the Social Security Act, a fee may be charged.

**NOTE:** Do not use this form to:

* Request us to release the medical records of a minor. Instead, contact your local office by calling 1-800-772-1213 (TTY-1-800-325-0778), or

* Request information about your earnings or employment history. Instead, complete form SSA-7050-F4 at any Social Security office or online at www.ssa.gov/online/ssa-7050.pdf.

## How to Complete this Form

We will not honor this form unless all required fields are completed. An asterisk (*) indicates a required field. Also, we will not honor blanket requests for "all records" or the "entire file." You must specify the information you are requesting and you must sign and date this form.

* Fill in your name, date of birth, and social security number or the name, date of birth, and social security number of the person to whom the information applies.

* Fill in the name and address of the individual (or organization) to whom you want us to release your information.

* Indicate the reason you are requesting us to disclose the information.

* Check the box(es) next to the type(s) of information you want us to release including the date ranges, if applicable.

* You, the parent or legal guardian acting on behalf of a minor, or the legal guardian of a legally incompetent adult, must sign and date this form and provide a daytime phone number where you can be reached.

* If you are not the person whose information is requested, state your relationship to that person. We may require proof of relationship.

### PRIVACY ACT STATEMENT

Section 205(a) of the Social Security Act, as amended, authorizes us to collect the information requested on this form. The information you provide will be used to respond to your request for SSA records information or process your request when we release your records to a third party. You do not have to provide the requested information. Your response is voluntary; however, we cannot honor your request to release information or records about you to another person or organization without your consent.

We rarely use the information provided on this form for any purpose other than to respond to requests for SSA records information. However, in accordance with 5 U.S.C. § 552a(b) of the Privacy Act, we may disclose the information provided on this form in accordance with approved routine uses, which include but are not limited to the following: 1. To enable an agency or third party to assist Social Security in establishing rights to Social Security benefits and/or coverage; 2. To make determinations for eligibility in similar health and income maintenance programs at the Federal, State, and local level; 3. To comply with Federal laws requiring the disclosure of the information from our records; and, 4. To facilitate statistical research, audit, or investigative activities necessary to assure the integrity of SSA programs.

We may also use the information you provide when we match records by computer. Computer matching programs compare our records with those of other Federal, State, or local government agencies. Information from these matching programs can be used to establish or verify a person's eligibility for Federally-funded or administered benefit programs and for repayment of payments or delinquent debts under these programs.

Additional information regarding this form, routine uses of information, and other Social Security programs are available from our Internet website at www.socialsecurity.gov or at your local Social Security office.

### PAPERWORK REDUCTION ACT STATEMENT

This information collection meets the requirements of 44 U.S.C. § 3507, as amended by section 2 of the Paperwork Reduction Act of 1995. You do not need to answer these questions unless we display a valid Office of Management and Budget control number. We estimate that it will take about 3 minutes to read the instructions, gather the facts, and answer the questions. **SEND OR BRING THE COMPLETED FORM TO YOUR LOCAL SOCIAL SECURITY OFFICE.** You can find your local Social Security office through SSA's website at www.socialsecurity.gov. Offices are also listed under U.S. Government agencies in your telephone directory or you may call 1-800-772-1213 (TTY 1-800-325-0778). *You may send comments on our time estimate above to: SSA, 6401 Security Blvd., Baltimore, MD 21235-6401. Send only comments relating to our time estimate to this address, not the completed form.*

Form **SSA-3288** (07-2010) EF (07-2010) Destroy Prior Editions



# Medicare

Beneficiary Services:1-800-MEDICARE (1-800-633-4227)
TTY/ TDD:1-877-486-2048

This form is used to advise Medicare of the person or persons you have chosen to have access to your personal health information.

## Where to Return Your Completed Authorization Forms:
After you complete and sign the authorization form, return it to the address below:

**Medicare BCC, Written Authorization Dept.**
**PO Box 1270**
**Lawrence, KS 66044**

## For New York Medicare Beneficiaries ONLY
The New York State Public Health Law protects information that reasonably could identify someone as having HIV symptoms or infection, and information regarding a person's contacts. Because of New York's laws protecting the privacy of information related to alcohol and drug abuse, mental health treatment, and HIV, there are special instructions for how you, as a New York resident, should complete this form.

- For question 2A, check the box for *Limited Information*, even if you want to authorize Medicare to release any and all of your personal health information.

- **Then proceed to question 2B.**

Medicare BCC, Written Authorization Dept.
PO Box 1270
Lawrence, KS 66044

**Instructions for Completing Section 2B of the Authorization Form:**
*Please select one of the following options.*

- **Option 1** To **include** all information, in the space provided, write: "all information, including information about alcohol and drug abuse, mental health treatment, and HIV". Proceed with the rest of the form.

- **Option 2** To **exclude** the information listed above, write "Exclude information about alcohol and drug abuse, mental health treatment and HIV" in the space provided. *You may also check any of the remaining boxes and include any additional limitations in the space provided.* For example, you could write "payment information". Then proceed with the rest of the form.

If you have any questions or need additional assistance, please feel free to call us at 1-800-MEDICARE (1-800-633-4227). TTY users should call 1-877-486-2048.

Sincerely,


1-800-MEDICARE
Customer Service Representative


Encl.

**Information to Help You Fill Out the
"1-800-MEDICARE Authorization to Disclose Personal Health Information" Form**

By law, Medicare must have your written permission (an "authorization") to use or give out your personal medical information for any purpose that isn't set out in the privacy notice contained in the Medicare & You handbook. You may take back ("revoke") your written permission at any time, except if Medicare has already acted based on your permission.

If you want 1-800-MEDICARE to give your personal health information to someone other than you, you need to let Medicare know in writing.

If you are requesting personal health information for a deceased beneficiary, please include a copy of the legal documentation which indicates your authority to make a request for information. (For example: Executor/Executrix papers, next of kin attested by court documents with a court stamp and a judge's signature, a Letter of Testamentary or Administration with a court stamp and judge's signature, or personal representative papers with a court stamp and judge's signature.) Also, please explain your relationship to the beneficiary.

Please use this step by step instruction sheet when completing your "1-800-MEDICARE Authorization to Disclose Personal Health Information" Form. Be sure to complete all sections of the form to ensure timely processing.

1. Print the name of the person with Medicare.

   Print the Medicare number exactly as it is shown on the red, white, and blue Medicare card, including any letters (for example, 123456789A).

   Print the birthday in month, day, and year (mm/dd/yyyy) of the person with Medicare.

2. This section tells Medicare what personal health information to give out. Please check a box in 2a to indicate how much information Medicare can disclose. If you only want Medicare to give out limited information (for example, Medicare eligibility), also check the box(es) in 2b that apply to the type of information you want Medicare to give out.

3. This section tells Medicare when to start and/or when to stop giving out your personal health information. Check the box that applies and fill in dates, if necessary.

4. Medicare will give your personal health information to the person(s) or organization(s) you fill in here. You may fill in more than one person or organization. If you designate an organization, you must also identify one or more individuals in that organization to whom Medicare may disclose your personal health information.

5. The person with Medicare or personal representative must sign their name, fill in the date, and provide the phone number and address of the person with Medicare.

   If you are a personal representative of the person with Medicare, check the box, provide your address and phone number, and attach a copy of the paperwork that shows you can act for that person (for example, Power of Attorney).

6. Send your completed, signed authorization to Medicare at the address shown here on your authorization form.

7. If you change your mind and don't want Medicare to give out your personal health information, write to the address shown under number six on the authorization form and tell Medicare. Your letter will revoke your authorization and Medicare will no longer give out your personal health information (except for the personal health information Medicare has already given out based on your permission).

You should make a copy of your signed authorization for your records before mailing it to Medicare.

## 1-800-MEDICARE Authorization to Disclose Personal Health Information

Use this form if you want 1-800-MEDICARE to give your personal health information to someone other than you.

1. _____      _____      _____

   **Print Name**                               **Medicare Number**                      **Date of Birth**
   (First and last name of the person with Medicare)   (Exactly as shown on the Medicare Card)   (mm/dd/yyyy)

2. Medicare will only disclose the personal health information you want disclosed.

   **2A:  Check only <u>one</u> box below to tell Medicare the specific personal health information you want disclosed:**

   ☐ Limited Information (go to question 2b)

   ☐ Any Information (go to question 3)

   **2B:  Complete <u>only</u>  if you selected "limited information". Check all that apply:**

   ☐ Information about your Medicare eligibility

   ☐ Information about your Medicare claims

   ☐ Information about plan enrollment (e.g. drug or MA Plan)

   ☐ Information about premium payments

   ☐ Other Specific Information (please write below; for example, payment  information)

   _____

3. **Check only <u>one</u> box below indicating how long Medicare can use this  authorization to disclose your personal health information** (subject to applicable  law—for example, your State may limit how long Medicare may give out your  personal health information):

   ☐ Disclose my personal health information indefinitely

   ☐ Disclose my personal health information for a specified period only
      beginning:  (mm/dd/yyyy)_____ and ending: (mm/dd/yyyy) _____

**4. Fill in the name and address of the person(s) or organization(s) to whom you want Medicare to disclose your personal health information.  Please provide the specific name of the person(s) for any organization you list below:**

1. Name: _____

   Address: _____

   _____

2. Name: _____

   Address: _____

   _____

3. Name: _____

   Address: _____

   _____

**5.**

**I authorize 1-800-MEDICARE to disclose my personal health information listed above to the person(s) or organization(s) I have named on this form.  I understand that my personal health information may be re-disclosed by the person(s) or organization(s) and may no longer be protected by law.**

_____   _____   _____
Signature                          Telephone Number                Date (mm/dd/yyyy)

Print the address of the person with Medicare  (Street Address, City, State, and ZIP)

_____

_____

☐ Check here if you are signing as a personal representative and complete below.
Please attach the appropriate documentation (for example, Power of Attorney).
This only applies if someone other than the person with Medicare signed above.

Print the Personal Representative's Address (Street Address, City, State, and ZIP)

_____

_____

Telephone Number of Personal Representative: _____

Personal Representative's Relationship to the Beneficiary: _____

6. **Send the completed, signed authorization to:**

Medicare BCC, Written Authorization Dept.
PO Box 1270
Lawrence, KS 66044

7. **Note:**

You have the right to take back ("revoke") your authorization at any time, in writing, except to the extent that Medicare has already acted based on your permission. If you would like to revoke your authorization, send a written request to the address shown above.

Your authorization or refusal to authorize disclosure of your personal health information will have no effect on your enrollment, eligibility for benefits, or the amount Medicare pays for the health services you receive.

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is **0938-0930**. The time required to complete this information collection is estimated to average **15 minutes** per response, including the time to review instructions, search existing data resources, gather the data needed, and complete and review the information collection. If you have comments concerning the accuracy of the time estimate(s) or suggestions for improving this form, please write to: CMS, 7500 Security Boulevard, Attn: PRA Reports Clearance Officer, Mail Stop C4-26-05, Baltimore, Maryland 21244-1850.

Case 2:12-md-02327 Document 281-1 Filed 10/04/12 Page 15 of 26 PageID #: 3870
Case 3:19-cv-00236 Document 1-1 Filed 10/23/18 Page 23 of 34 PageID 1258
AUTHORIZATION FOR DISCLOSURE OF EMPLOYMENT INFORMATION

To:

I, the undersigned, hereby authorize and request the above-named entity to disclose (VENDOR), any and all records containing employment information, including those that may contain protected health information (PHI) regarding **«Name1»,** whether created before or after the date of signature. Records requested may include, but are not limited to:

> all applications for employment, resumes, records of all positions held, job descriptions of positions held, payroll records, W-2 forms and W-4 forms, performance evaluations and reports, statements and reports of fellow employees, attendance records, worker's compensation files; all hospital, physician, clinic, infirmary, nurse, dental records; test results, physical examination records and other medical records; any records pertaining to medical or disability claims, or work-related accidents including correspondence, accident reports, injury reports and incident reports; insurance claim forms, questionnaires and records of payments made; pension records, disability benefit records, and all records regarding participation in company-sponsored health, dental, life and disability insurance plans; material safety data sheets, chemical inventories, and environmental monitoring records and all other employee exposure records pertaining to all positions held; and any other records concerning employment with the above-named entity. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information. By signing this authorization, I expressly do not authorize any ex parte interview or oral communication about me or my employment history by (VENDOR) without the presence of my attorney.

A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will remain in effect until the earlier of: (i) the date of settlement or final disposition of **(Style of Case)** or (ii) five (5) years after the date of signature of the undersigned below. A copy of this authorization may be used in place of and with the same force and effect as the original. The purpose of this authorization is for civil litigation.

NOTICE
- **The individual signing this authorization has the right to revoke this authorization at any time, provided the revocation is in writing to (VENDOR), except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).**
- **The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.**
- **The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the disclosed PHI no longer will be protected by federal privacy regulations.**
- **The individual signing this authorization understands information authorized for release may include records that may indicate the presence of a communicable disease.**
- **The individual signing this authorization understands that they shall be entitled to receive a copy of all documents requested via this authorization within a reasonable period of time after such records are received by (VENDOR).**

I have read this authorization and understand that I am permitting the identified agency to disclose PHI to (VENDOR).

«Name1»
_____
Name of Employee

«aka»
_____
Former/Alias/Maiden Name of Employee

«DOB»
_____
Employee's Date of Birth

«SSN»
_____
Employee's Social Security Number

_____
Employee's Address

_____
Signature of Employee or Employee Representative

_____
Date

_____
Name of Employee Representative

_____
Description of Authority

**AUTHORIZATION FOR DISCLOSURE OF INSURANCE INFORMATION**

To:

I, the undersigned, hereby authorize and request the above-named entity to disclose to (VENDOR), any and all records containing insurance information, including those that may contain protected health information (PHI) regarding **«Name1»,** whether created before or after the date of signature. Records requested may include, but are not limited to:

> applications for insurance coverage and renewals; all insurance policies, certificates and benefit schedules regarding the insured's coverage, including supplemental coverage; health and physical examination records that were reviewed for underwriting purposes, and any statements, communications, correspondence, reports, questionnaires, and records submitted in connection with applications or renewals for insurance coverage, or claims; all physicians', hospital, dental reports, prescriptions, correspondence, test results, radiology reports and any other medical records that were submitted for claims review purposes; any claim record filed; records of any claim paid; records of all litigation; and any other records of any kind concerning or pertaining to the insured. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information. By signing this authorization, I expressly do not authorize any ex parte interview or oral communication about me or any information contained in the materials produced without the presence of my attorney.

A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will remain in effect until the earlier of: (i) the date of settlement or final disposition of **(Style of Case)** or (ii) five (5) years after the date of signature of the undersigned below. The purpose of this authorization is for civil litigation.

NOTICE
- **The individual signing this authorization has the right to revoke this authorization at any time, provided the revocation is in writing to the (VENDOR), except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).**
- **The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.**
- **The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the disclosed PHI no longer will be protected by federal privacy regulations.**
- **The individual signing this authorization understands information authorized for release may include records that may indicate the presence of a communicable disease.**
- **The individual signing this authorization understands that she/he shall be entitled to receive a copy of all documents requested via this authorization within a reasonable period of time after such records are received by (VENDOR).**

I understand that this Authorization will remain in effect until the entity identified above to disclose PHI to (VENDOR).

«Name1»
_____

Name of Individual

«aka»
_____

Former/Alias/Maiden Name of Individual

«DOB»
_____

Individual's Date of Birth

«SSN»
_____

Individual's Social Security Number

_____

Individual's Address

_____

Signature of Individual or Individual Representative

_____

Date

_____

Name of Individual Representative

_____

Description of Authority

To:

I, the undersigned, hereby authorize and request the above-named entity to disclose to the agents or designees of (VENDOR), any and all records containing Medicaid information, including those that may contain protected health information (PHI) regarding **«Name1»**, whether created before or after the date of signature. This authorization should also be construed to permit agents or designees of (VENDOR) to copy, inspect and review any and all such records. Records requested may include, but are not limited to:

> all Medicaid records, including explanations of Medicaid benefit records and claims records; any statements, communications, pro reviews, denials, appeals, correspondence, reports, questionnaires or records submitted in connection with claims; all reports from physicians, hospitals, dental providers, prescriptions; correspondence, test results and any other medical records; records of claims paid to or on the behalf of **«Name1»**; records of litigation and any other records of any kind. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information.

A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will remain in effect until the earlier of: (i) the date of settlement or final disposition of **(Style of Case)** or (ii) five (5) years after the date of signature of the undersigned below. The purpose of this authorization is for civil litigation. By signing this authorization, I expressly do not authorize any ex parte interview or oral communication about me or my medical history by (VENDOR) without the presence of my attorney.

NOTICE
- **The individual signing this authorization has the right to revoke this authorization at any time, provided the revocation is in writing to (VENDOR), except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).**
- **The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.**
- **The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the disclosed PHI no longer will be protected by federal privacy regulations.**
- **The individual signing this authorization understands information authorized for release may include records that may indicate the presence of a communicable disease.**
- **The individual signing this authorization understands that they shall be entitled to receive a copy of all documents requested via this authorization within a reasonable period of time after such records are received by (VENDOR).**

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to (VENDOR).

«Name1»
_____
Name of Individual

«aka»
_____
Former/Alias/Maiden Name of Individual

«DOB»
_____
Individual's Date of Birth

«SSN»
_____
Individual's Social Security Number

_____
Individual's Address

_____
Signature    of    Individual    or    Individual

_____
Date

_____
Name of Individual Representative

_____
Description of Authority

Case 2:12-md-02327  Document 281-1  Filed 10/04/12  Page 21 of 26 PageID #: 3876
Case 3:19-cv-02885 Document 52-15  Filed 10/29/19  Page 29 of 34  PageID 1264
AUTHORIZATION FOR DISCLOSURE OF HEALTH INFORMATION

To:

I, the undersigned, hereby authorize and request the Custodian above-named entity to disclose to (VENDOR), any and all medical records, including those that may contain protected health information (PHI) regarding **«Name1»**, whether created before or after the date of signature.  This authorization specifically does not permit (VENDOR) to discuss any aspect of medical care or circumstances ex parte and without the presence of my attorney.  Records requested may include, but are not limited to:

<div style="margin-left:2em">

a)  all medical records, physician's records, surgeon's records, pathology/cytology reports, physicals and histories, laboratory reports, operating room records, discharge summaries, progress notes, patient intake forms, consultations, prescriptions, nurses' notes, birth certificate and other vital statistic records, communicable disease testing and treatment records, correspondence, prescription records, medication records, orders for medications, therapists' notes, social worker's records, insurance records, consent for treatment, statements of account, itemized bills, invoices and any other papers relating to any examination, diagnosis, treatment, periods of hospitalization, or stays of confinement, or documents containing information regarding amendment of protected health information (PHI) in the medical records, copies (NOT originals) of all x-rays, CT scans, MRI films, photographs, and any other radiological, nuclear medicine, or radiation therapy films and of any corresponding reports and requisition records, and any other written materials in its possession relating to any and all medical diagnoses, medical examinations, medical and surgical treatments or procedures. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information.  This authorization and release does not allow (VENDOR) to request or take possession of pathology/cytology specimens, extracted mesh, pathology/cytology or hematology slides, wet tissue or tissue blocks.

b)  complete copies of all prescription profile records, prescription slips, medication records, orders for medication, payment records, insurance claims forms correspondence and any other records. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information.

</div>

A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will remain in effect until the earlier of: (i) the date of settlement or final disposition of **(Style of Case)** or (ii) five (5) years after the date of signature of the undersigned below.  The purpose of this authorization is for civil litigation.

NOTICE
- **The individual signing this authorization has the right to revoke this authorization at any time, provided the revocation is in writing to (VENDOR) except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).**
- **The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.**
- **The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the disclosed PHI no longer will be protected by federal privacy regulations.**
- **The individual signing this authorization expressly authorizes the above-named entity to disclose HIV/AIDS records and information to (VENDOR).**
- **The individual signing this authorization understands information authorized for release may include records that may indicate the presence of a communicable disease.**
- **The individual signing this authorization understands that she/he shall be entitled to receive a copy of all documents requested via this authorization within a reasonable period of time after such records are received by (VENDOR).**

Case 2:10-cv-02565 Document 52-1 Filed 10/29/10 Page 30 of 34 PageID #: 365

I have read this Authorization and understand that it will permit the entity above to disclose PHI to (VENDOR).

| | |
|---|---|
| «Name1» | |
| Name of Patient | Signature of Patient or Individual |
| «aka» | |
| Former/Alias/Maiden Name of Patient | Date |
| «DOB» | |
| Patient's Date of Birth | Name of Patient Representative |
| «SSN» | |
| Patient's Social Security Number | Description of Authority |
| | |
| Patient's Address | |

To:


I, the undersigned, hereby authorize and request the above-named entity to disclose to (VENDOR), any and all records containing Workers' Compensation information, including those that may contain protected health information (PHI) regarding «Name1», whether created before or after the date of signature. Records requested may include, but are not limited to:

> all workers' compensation claims, including claim petitions, judgments, findings, notices of hearings, hearing records, transcripts, decisions and orders; all depositions and reports of witnesses and expert witnesses; employer's accident reports; all other accident, injury, or incident reports; all medical records; records of compensation payment made; investigatory reports and records; applications for employment; records of all positions held; job descriptions of any positions held; salary records; performance evaluations and reports; statements and comments of fellow employees; attendance records; all physicians', hospital, medical, health reports; physical examinations; records relating to health or disability insurance claims, including correspondence, reports, claim forms, questionnaires, records of payments made to physicians, hospitals, and health institutions or professionals; statements of account, itemized bills or invoices; and any other records relating to the above-named individual. Copies (NOT originals) of all x-rays, CT scans, MRI films, photographs, and any other radiological, nuclear medicine, or radiation therapy films and of any corresponding reports. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information.

A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will remain in effect until the earlier of: (i) the date of settlement or final disposition of **(Style of Case)** or (ii) five (5) years after the date of signature of the undersigned below. The purpose of this authorization is for civil litigation. This authorization is for the release of records only and does not allow for ex parte communications regarding the subject matter of this release and without the presence of my attorney.

NOTICE
- **The individual signing this authorization has the right to revoke this authorization at any time, provided the revocation is in writing to (VENDOR), except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).**
- **The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.**
- **The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the disclosed PHI no longer will be protected by federal privacy regulations.**
- **The individual signing this authorization understands information authorized for release may include records that may indicate the presence of a communicable disease.**
- **The individual signing this authorization understands that they shall be entitled to receive a copy of all documents requested via this authorization within a reasonable period of time after such records are received by (VENDOR).**

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to (VENDOR).

«Name1»
_____
Name of Individual

«aka»
_____
Former/Alias/Maiden Name of Individual

«DOB»
_____
Individual's Date of Birth

«SSN»
_____
Individual's Social Security Number

_____
Individual's Address

_____
Signature of Individual or Individual Representative

_____
Date

_____
Name of Individual Representative

_____
Description of Authority

## AUTHORIZATION AND CONSENT
## TO RELEASE PSYCHOTHERAPY NOTES

Name of Individual:
Social Security Number:
Date of Birth:
Provider Name:

TO:        All physicians, hospitals, clinics and institutions, pharmacists and other healthcare providers

The Veteran's Administration and all Veteran's Administration hospitals, clinics, physicians and employees

The Social Security Administration

Open Records, Administrative Specialist, Department of Workers' Claims

All employers or other persons, firms, corporations, schools and other educational institutions

The undersigned individual herby authorizes each entity included in any of the above categories to furnish and disclose to **(VENDOR)** and its authorized representatives, with true and correct copies of all "psychotherapy notes", as such term is defined by the Health Insurance Portability and Accountability Act, 45 CFR §164.501. Under HIPAA, the term "psychotherapy notes" means notes recorded (in any medium) by a health care provider who is a mental health professional documenting or analyzing the contents of conversation during a private counseling session or a group, joint or family counseling session and that are separated from the rest of the individual's record. This authorization does not authorize ex parte communication concerning same.

- This authorization provides for the disclosure of the above-named patient's protected health information for purposes of the following litigation matter: **(Style of Case)**

- The undersigned individual is hereby notified and acknowledges that any health care provider or health plan disclosing the above requested information may not condition treatment, payment, enrollment or eligibility for benefits on whether the individual signs this authorization.

- The undersigned individual is hereby notified and acknowledges that he or she may revoke this authorization by providing written notice to either **(Law firm for Defendant)** and to **(VENDOR)** and/or to one or more entities listed in the above categories, except to the extent that any such entity has taken action in reliance on this authorization.

- The undersigned is hereby notified and acknowledges that he or she is aware of the potential that protected health information disclosed and furnished to the recipient pursuant to this authorization is subject to redisclosure by the recipient for the purposes of this litigation in a manner that will not be protected by the Standards for the Privacy of Individually Identifiable Health Information contained in the HIPAA regulations (45 CFR §§164.500-164.534).

- The undersigned is hereby notified that he/she is aware that any and all protected health information disclosed and ultimately furnished to **(Law firm for Defendant)** in accordance with orders of the court pursuant to this authorization will be shared with any and all co-defendants in the matter of **(Style of Case)** and is subject to redisclosure by the recipient for the purposes of this litigation in a manner that will not be protected by the Standards for the Privacy of

Individually Identifiable Health Information contained in the HIPAA regulations (45 CFR §§164.500-164.534).

- A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will remain in effect until the earlier of: (i) the date of settlement or final disposition of (Style of Case)  or (ii) five (5) years after the date of signature of the undersigned below.

**I have carefully read and understand the above and do hereby expressly and voluntarily authorize the disclosure of all of my above information to (VENDOR) and its authorized representatives, by any entities included in the categories listed above.**

Date: _____

Individual's Name and Address:

_____

_____

_____

_____
Signature of Individual or Individual's Representative

_____
Printed Name of Individual's Representative (If applicable)

_____
Relationship of Representative to Individual (If  applicable)

_____
Description of Representative's authority to act for Individual (If applicable)

**This authorization is designed to be in compliance with the Health Insurance Portability and Accountability Act, and the regulations promulgated thereunder, 45 CFR Parts 160 and 164 (collectively, "HIPAA").**