IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUSAN FAMIGLETTI and MICHAEL FAMIGLETTI, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:19-CV-2585-N |
| ETHICON, INC. and JOHNSON & JOHNSON, | § § § | |
| Defendants. | § § | |

# MEMORANDUM OPINION AND ORDER

This Order addresses Defendants Ethicon, Inc. and Johnson & Johnson's (collectively, "Defendants") motion for partial summary judgment [40] and Plaintiffs Susan Famigletti and Michael Famigletti's (collectively, "Plaintiffs") motion for partial summary judgment [42]. For the reasons below, the Court grants in part and denies in part Defendants' motion and grants in part and denies in part Plaintiffs' motion.

## I. ORIGIN OF THE DISPUTE

Defendants manufacture and sell pelvic mesh products, including the TVT-Oturator ("TVT-O"), that are designed to prevent stress urinary incontinence once surgically implanted. First Am. Long Form Compl. 2–5 [52.22]. Plaintiff Susan Famigletti filed this multi-district member lawsuit against Defendants after she had a TVT-O sling implanted, claiming that her pelvic mesh product was defective and alleging various tort and contract claims. Am. Short Form Compl. 3–5 [14]; Brief Support Defs.' Mot. Partial Summary Judgment 1 [41]. Her husband, co-plaintiff Michael Famigletti, alleged loss of consortium.

ORDER – PAGE 1

Brief Support Defs.' Mot. Partial Summary Judgment 1 [41]. Both Plaintiffs and Defendants have filed motions for partial summary judgment.

## II. SUMMARY JUDGMENT LEGAL STANDARD

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made the required showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact such that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Factual controversies are resolved in favor of the nonmoving party "'only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts.'" *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) (quoting *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

# III. THE COURT GRANTS IN PART AND DENIES IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendants move for summary judgment on seven of Plaintiffs' claims. The Court grants summary judgment for Defendants on three of these claims and denies Defendants' motion as to the remaining four claims.

## A. *The Court Grants Defendants Summary Judgment on Plaintiffs' Manufacturing Defect, Strict Liability-Defective Product, and Fraudulent Concealment Claims*

Under Texas law, a party alleging a manufacturing defect must show (1) the existence of a manufacturing flaw which renders the product unreasonably dangerous; (2) that the defect existed at the time the product left the manufacturer; and (3) that the defect was a producing cause of the claimant's injuries. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). Defendants argue that Plaintiffs have produced no evidence that Susan Famigletti's medical device deviated from its intended design or that such a deviation caused her alleged injuries. Further, Defendants note that the record shows Plaintiffs have not designated any experts to testify as to the causal relationship between any manufacturing defect in the medical device and the alleged injuries. Brief Support Defs.' Mot. Partial Summary Judgment 3 [41]. Because Plaintiffs do not respond to Defendants' arguments, and the record provides no evidence proving these elements of their claim, the Court grants Defendants summary judgment on this claim.

Plaintiffs' claims for strict liability-defective product and fraudulent concealment both fail as independent causes of action. The strict liability-defective product claim is duplicative of Plaintiffs' design defect claim. *See Cooper Tire & Rubber Co. v. Mendez*, 204 S.W.3d 797, 800 (Tex. 2006). Additionally, Texas law does not recognize fraudulent

concealment as an independent cause of action distinct from common law fraud. *See ExxonMobil Corp. v. Lazy R Ranch, LP*, 511 S.W.3d 538, 544 n.21 (Tex. 2017) ("The doctrine of fraudulent concealment tolls the statute of limitations until the fraud is discovered."). The Court thus grants Defendants' summary judgment motion as to both these claims.

### B. The Court Denies Defendants' Motion as to Plaintiffs' Breach of Warranty, Constructive Fraud, and Unjust Enrichment Claims

Texas law requires that a buyer claiming breach of warranty notify the seller within a reasonable time of discovering the alleged breach. TEX. BUS. & COM. CODE § 2.607(c)(1). Failure to provide notice bars the buyer from legal remedies. *Id.* Defendants contend that Plaintiffs' failure to provide notice prior to filing suit causes their breach of warranty claims to fail. The Defendants do not, however, address Plaintiffs' arguments that their failure to provide notice was excused. Pltfs.' Resp. Defs.' Mot. Summary Judgment 2–3 [44]. It is thus not clear as a matter of law that Defendants have prevailed on these claims, and the Court denies Defendants' motion as to them.

The Court also denies Defendants' motion as to Plaintiffs' constructive fraud claim. Constructive fraud can arise from either a fiduciary or a confidential relationship. *Vickery v. Vickery*, 999 S.W.2d 342, 377 (Tex. 1999). Defendants fail to address the confidential relationship theory, and the Defendants have not shown that there is no confidential relationship between Defendants and Susan Famigletti. While it seems unlikely that there would be a confidential relationship between a medical device manufacturer and a patient,

Defendants must prove this to be entitled to judgment as a matter of law. The Court accordingly denies summary judgment on this claim.

Lastly, Defendants seek summary judgment on Plaintiffs' unjust enrichment claim, arguing that Texas law does not recognize it as a cause of action. Federal district courts have been inconsistent in their treatment of this issue. *Compare Hancock v. Chicago Title Ins. Co.*, 635 F. Supp. 2d 539, 560–61 (N.D. Tex. 2009) (finding Texas courts view unjust enrichment as a general theory of recovery, not a separate cause of action) *with Banion v. Geovera Specialty Ins. Co.*, 2016 WL 7242536, at *3 (S.D. Tex. 2016) ("Texas courts recognize unjust enrichment as an independent cause of action."). Further, some Texas Supreme Court caselaw suggests that plaintiffs may bring claims for unjust enrichment. *See Elledge v. Frieberg-Cooper Water Supply Corp.*, 240 S.W.3d 869, 870–71 (Tex. 2007) ("Unjust enrichment claims are governed by the two-year statute of limitations."). Because Defendants have not conclusively shown that Texas does not permit unjust enrichment claims, they have not demonstrated that they are entitled to judgment as a matter of law. The Court thus denies summary judgment as to this claim.

### IV. THE COURT GRANTS IN PART AND DENIES IN PART PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs seek summary judgment on several of the affirmative defenses raised by Defendants. Defendants respond by withdrawing defenses 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, 30, 32, 33, 34, 35, 38, 55, 57, 60, 67, 68, 76, 77, and 78. They challenge Plaintiffs' motion as to the other defenses. The Court grants Plaintiffs' motion as to the defenses Defendants have agreed to dismiss and denies the motion as to the remaining defenses because it finds
ORDER – PAGE 5

that there are both legal and factual disputes as to these defenses. The Court would entertain a motion for leave to file additional summary judgment motions regarding the defenses based on federal preemption and the effect of FDA regulation.

## Conclusion

The Court grants Defendants' motion for summary judgment as to Plaintiffs' manufacturing defect, strict liability-defective product, and fraudulent concealment claims but denies the motion as to Plaintiff's breach of warranty, constructive fraud, and unjust enrichment claims. The Court grants Plaintiffs' motion for summary judgment as to all affirmative defenses Defendants have agreed to withdraw but denies the motion as to the remaining defenses.

Signed December 31, 2019.

_____
David C. Godbey
United States District Judge